**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **FRANCISCO BACA,** | § | |
| 314 Ortega Road NW | § | Civil Action No. 26-2259 |
| Albuquerque, NM 87114 | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| **TODD BLANCHE,** | § | |
|   in his official capacity as Acting Attorney | § | |
|   General of the United States, | § | |
| | § | |
|   and | § | |
| | § | |
| **ROBERT CEKADA,** | § | |
|   in his official capacity as the Director of | § | |
|   the Bureau of Alcohol, Tobacco, Firearms | § | |
|   and Explosives, | § | |
| | § | |
| *Defendants.* | § | |

## COMPLAINT

Comes now Plaintiff, Francisco Baca, by and through his undersigned counsel, and files this Complaint, and in support thereof states as follows:

**I.      Parties**

1.      Plaintiff is an American citizen, father, grandfather, and avid outdoorsman who is domiciled in New Mexico. Plaintiff desires to purchase and possess ordinary firearms, such as handguns and rifles, for self-defense within the home and outside the home, and for recreational purposes such as hunting, including by open carry and concealed carry, but he is prevented from doing so by 18 U.S.C. § 922(g)(1).

1

2.      Defendant Todd Blanche is the Acting Attorney General of the United States and is sued in his official capacity. As Acting Attorney General, Defendant Blanche is responsible for executing and administering the laws of the United States and their implementing regulations, including 18 U.S.C. § 922(g)(1).

3.      Defendant Robert Cekada is the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and is sued in his official capacity. As ATF Director, Defendant Cekada is responsible for executing and administering firearms laws of the United States and their implementing regulations, including 18 U.S.C. § 922(g)(1).

## II.      Jurisdiction and Venue

4.      This court has subject matter jurisdiction over Plaintiff's claims against Defendants Blanche and Cekada under 28 U.S.C. §§ 1331, 2201, and 2202.

5.      Venue is proper in this District under 28 U.S.C. § 1391(e)(1)(A).

## III.      Factual Allegations

6.      Plaintiff desires to possess ordinary firearms, such as handguns and rifles that have traveled in interstate commerce and are bought and sold in interstate commerce, for self-defense both within the home and outside the home. Plaintiff sincerely desires to engage in recreational hunting, particularly on federal lands that are open to hunting. Plaintiff desires to exercise his constitutional right to carry such a firearm both openly and concealed, in a manner that counts as possession in and affecting interstate commerce.

7.      Plaintiff desires to exercise his constitutional right to carry an ordinary firearm of the type described in Paragraph 6 in the same manner and to the same extent that the Second Amendment permits ordinary American citizens to carry such a firearm.

8.    Plaintiff would exercise his right to carry such a firearm but for the federal firearm prohibition in 18 U.S.C. § 922(g)(1) and but for the credible and imminent threat of its enforcement against him should he choose to do so. Plaintiff specifically wishes to carry firearms that are prohibited by § 922(g)(1): that is, Plaintiff does not wish only to possess antique firearms that may be excluded from the prohibition. Moreover, even if some modern firearms are not prohibited under § 922(g)(1) because they (and their ammunition) are manufactured of materials entirely from within the state of sale, Plaintiff believes that he has no way to ascertain that any firearm he may somehow acquire from an intrastate transfer is, in fact, exempt from regulation under § 922(g)(1). Additionally, Plaintiff is unable to acquire any firearms at all from a firearms dealer due to the prohibitions in 18 U.S.C. § 922(d). The result is that Plaintiff has no way other than by filing suit to demonstrate—without risking arrest and imprisonment—his sincerely held desire to purchase and possess the kind of firearm that § 922(g)(1) prohibits him from possessing.

9.    Federal law prohibits Plaintiff from possessing a firearm because of a single conviction for possession, with intent to distribute, of less than 500 grams of a mixture containing cocaine, for which Plaintiff was charged in 2002 and convicted in 2003.

10.    Plaintiff has never been convicted of any other crime punishable by imprisonment for a term exceeding one year or of any other crime that would, under federal law, result in a prohibition of his possessing a firearm.

11.    Plaintiff has never used, attempted to use, or threatened to use violence against another person, nor did his conviction involve any such violent conduct.

12.    Under 18 U.S.C. § 922(g)(1), Plaintiff's conviction makes it unlawful for Plaintiff to "possess in or affecting commerce, any firearm or ammunition."

3

13.     Under 18 U.S.C. § 922(d)(1), Plaintiff's conviction makes it "unlawful for any person to sell or otherwise dispose of any firearm or ammunition to" Plaintiff, if such person knows or has reasonable cause to know of Plaintiff's conviction.

14.     Plaintiff's possession of a firearm in violation of 18 U.S.C. § 922(g)(1) is a felony punishable by a fine, imprisonment up to 15 years, or both under 18 U.S.C. § 924(a)(8).

15.     With the exception of a full and unconditional presidential pardon, no other remedy exists through which Plaintiff may be excused from the prohibitions set forth above. Specifically, the discretionary remedy contemplated by 18 U.S.C. § 925(c) is not operational because there is no final rule to implement it. Even if and when it becomes operational, any requirement that Plaintiff apply for (and wait for a ruling on) relief thereunder imposes a burden on Plaintiff's Second Amendment rights that Defendants cannot, consistent with the Second Amendment, impose, because it permits the presumptive disarming of Plaintiff under conditions that then require Plaintiff to prove his own entitlement to bear arms. It is also unclear that § 925(c) relief is permanent rather than revocable; even if it is permanent, the discretionary nature of § 925(c)'s relief makes it similar to the pardon power and thus insufficient to cure the Second Amendment injury imposed by § 922(g)(1).

16.     Plaintiff is a member of "the people" as contemplated by the Second Amendment to the United States Constitution.

17.     Natural-born United States citizens over the age of eighteen who have not committed a crime punishable by death or by life imprisonment without parole are, presumptively, members of "the people" as contemplated by the Second Amendment to the United States Constitution.

18.    Prohibiting Plaintiff from possessing a firearm as set forth above is inconsistent with the historical tradition of firearm regulation in the United States.

**IV.    Claim for Relief**

**COUNT I**
**Second Amendment to the U.S. Constitution as Applied to Plaintiff;**
**Declaratory Judgment Act**

19.    Plaintiff incorporates by reference paragraphs 1 through 18 of this Complaint.

20.    18 U.S.C. § 922(g)(1), as applied to Plaintiff, violates Plaintiff's fundamental, individual right to keep and bear arms under the Second Amendment to the United States Constitution.

21.    Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is entitled to a declaratory judgment against Defendants that 18 U.S.C. § 922(g)(1) violates his Second Amendment rights.

**V.    Prayer for Relief**

Wherefore, based on the foregoing, Plaintiff respectfully requests that judgment be entered in his favor and against defendants as follows:

(1) Enter a declaratory judgment that 18 U.S.C. § 922(g)(1), which operates to prohibit Plaintiff from obtaining or possessing a firearm due to his felony conviction, is unconstitutional under the Second Amendment as applied to Plaintiff;

(2) Enter an order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(g)(1) against Plaintiff; and

(3) Award Plaintiff costs of suit, reasonable attorney's fees under 28 U.S.C. § 2412 or any other applicable statute, other expenses, and any other and further relief that the Court deems appropriate.

5

**Date:**  June 25, 2026                    Respectfully submitted,

<u>/s/ Kyle Singhal</u>
Kyle Singhal (D.C. Bar No. 1601108)
Hopwood & Singhal, PLLC
1701 Pennsylvania Ave., N.W.
Suite 200
Washington, D.C. 20006
(202) 769-4080
kyle@hopwoodsinghal.com
*Attorney for Plaintiff*